## SMITH v. LOUISIANA OIL REFINING CORPORATION et al.

### No. 4770.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Vinson M. Mouser, of Columbia, for appellant.

P. S. Gaharan, Jr., of Jena, and Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellees.

DREW, Judge.

The only question involved in this case is a determination of facts. The lower court in a well-prepared opinion has reviewed the facts and found against the plaintiff. The opinion of the lower court is as follows:

"This is a compensation suit based upon alleged injury to the back received in a fall from a wagon which the plaintiff was driving. Plaintiff sues for total disability.

"It appears from the evidence that plaintiff had suffered from an infection that had produced arthritis localized in the region of the sacroiliac joint. It is the contention of the plaintiff that any such condition of disability thus shown to have existed prior to the alleged injury was aggravated by the injury and that hence this accelerated disability became compensable.

"If it could be shown with reasonable certainty that the fall from the wagon aggravated the condition that already existed to the point of disabling the plaintiff, the case would fall under the rule announced in several cases under our jurisprudence. On the other hand, if it be not thus shown there would be no warrant in law for allowing compensation.

"After carefully reviewing all the testimony, lay and expert, we find the facts to be about as follows:

"The plaintiff fell from the wagon as alleged and received an injury to his arm noted at the time. Nothing was then said about any injury to the back. It appears that after a day or so plaintiff went back to work, and according to the testimony worked about as usual, and without complaining of any injury to the back. This injury to the back was not complained of it seems until some five or six weeks after the fall. Dr. Scott, who treated his arm after the accident, said no complaint was made about his back. Dr. Scott had treated the patient for back trouble sometime in 1931. This alleged injury occurred about December 28, 1932. Scott had the plaintiff sent to Alexandria for X-ray examination. The trouble with him then was bad teeth and infected tonsils.

"Dr. Barker, Dr. Texada, Dr. McCartney, and Dr. Kitrell, all for defendant, corroborate the testimony of Dr. Scott and trace the disability, in their opinion, to the infection of bad teeth and tonsils from which the testimony shows the plaintiff had been suffering over a considerable period of time. It is the opinion of these experts that the arthritis from which the plaintiff is suffering is progressive and has been produced by the infection as stated.

"On the other hand, the testimony of Dr. Wright, Dr. Mauterer, Dr. Gaharan, and Dr. Pearce inclines to the view that this arthritis was aggravated by the injury received. We thus have the usual disagreement of the experts, and the court is then thrown back upon its own resources, so to speak, and such

lay testimony and other circumstances as it may find upon which to base a conclusion.

"Plaintiff's counsel, in his brief, undertakes to bring this case under the rule announced in several cases cited by him to the general effect that where one is able-bodied before an accident and is disabled after the accident and the experts find that there can be and probably is a connection between the injury and the disability, that the case is therefore made out and compensation should be awarded.

"Defendant's counsel, in his brief, reasons that since the injury is not definitely proved; that no complaint was made of back injury for several weeks; that the disability is satisfactorily accounted for by some other intervening cause than that of the injury; that hence there is no warrant in law for awarding compensation.

"I have examined the cases cited by plaintiff's counsel and have noted one thread of reasoning that appears to run through these cases. It appears that there should be no lapse in tracing the injury from the time of the accident. This fact of injury must not be shrouded with a twilight zone, but the proof of injury must be definite. The injury should not be left to mere conjecture. The lay witnesses on the wagon at the time of the fall said nothing about any complaint of injury to the back. The injury noted by them at the time was to the arm. The contention is made that since the bruise to the arm was more or less acute that it overshadowed the injury to the back, and that, further, the injury to the back did not perhaps become apparent to the plaintiff until later. In this connection let us say that certainly if an injury to the back did occur of sufficient seriousness to cause the trouble complained of and forming the basis of this suit, it should have become known to the plaintiff long before any complaint of it was shown to have been made. The wife and the plaintiff, it seems, were the only parties conscious of this injury at the time, and no complaint reached outside parties until after some considerable time.

"Defendants' counsel has submitted to me my written opinion I rendered in the Walter Slay case, which, I believe, was compromised and not appealed from, and I note that I reviewed the cases bearing on a similar question. I awarded compensation in that case, but I can readily distinguish that case from this case. In the Slay Case, the proof showed that Slay had never been disabled before the accident. That no intervening cause was operative in that case, but that since the injury he had never been able to do any reasonable work. I based my decision on a line of questions that warranted that view. We have here, however, quite another set of circumstances. In this case, we have the intervening cause of disability sufficient to account for the disability. We have the lack of definite proof of the accident and the continuing disability caused from such accident down to the time of suit. We have here, to my mind, a decided lack of proof of disability traceable to the injury. It may be said that we have probabilities that the fall might have aggravated the condition that already existed, but we do not have sufficient legal proof, after considering all the testimony, to justify the court in finding for the plaintiff.

"I am not going to undertake to discuss all the testimony that appears in the record, but am of the opinion that the case is not made out by the preponderance of the testimony and with that legal certainty that justifies recovery even in compensation cases, where liberal rules of procedure are allowed. A strained interpretation of fact is not warranted. The court fully appreciates the serious condition which surrounds Mr. Smith, but thinks that the disability from which he is suffering is traceable to the infection originating in his teeth and tonsils rather than to the alleged injury.

"For the reasons set out in this opinion, the plaintiff is denied compensation and his suit dismissed, according to law.

"Wiley R. Jones, Judge."

After most careful study and consideration of this case, we are unable to say there is any error in the finding of the lower court. It therefore follows that the judgment of the lower court is affirmed, with costs.